37 F.3d 1509
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steven Eugene MOORE, Plaintiff-Appellant,
v.
Russ BURITO, Independence House Facility, Defendant-Appellant.
 No. 94-1110.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Steven Eugene Moore appeals the dismissal pursuant to Fed R. Civ. P. 12(b)(6) of his civil rights suit alleging an unlawful confiscation of money in his personal account at the Independence House facility, a federal halfway house. His complaint alleges that his savings were unlawfully taken when he was returned to the Federal correctional institute at Englewood, Colorado. The district court dismissed the complaint on the ground that the complaint pled only a random and unauthorized act for which adequate post-deprivation remedies existed in the state courts. The government did not file briefs with the district court or on appeal. In lieu of a brief on appeal, the director of the halfway house filed documents with this court essentially conceding that Mr. Moore's funds were deducted pursuant to ordinary, official, and authorized operating procedures. The director furnishes us with Mr. Moore's signed agreement to those procedures and an accounting showing that Mr.Moore had no money left in his account to transfer to F.C.I. Englewood.
 
 
 3
 Mr. Moore's complaint uses misleading language including an accusation of theft which would tend to lead a reader to interpret his claim as one resulting from nothing more than a random and unauthorized act. However, a liberal construction of the complaint allows one to conclude that the pleadings do, in fact, implicate authorized official procedures and acts. That being the case, the complaint filed in this action is sufficient to survive a motion pursuant to Fed.R.Civ.P. 12(b)(6), and should be analyzed with reference to our opinion in Gillihan v. Shillinger, 872 F.2d 935 (10th Cir.1989) ("prisoners have a protected property interest in their prison trust accounts." ... and "cannot be deprived of the same without due process."). We of course express no opinion on the merits of Mr.Moore's claim, nor on whether Gillihan will control its outcome.
 
 
 4
 The director of Independence House, through counsel, will be obliged to file in the district court the papers which have been improperly lodged with us in the form of evidence.
 
 
 5
 REVERSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470